IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DESMOND R. THOMAS,

        Plaintiff

VS.

Officer SCOTT, *et al.*,       NO. 1:14-CV-111 (WLS)

        Defendants

**O R D E R**

    Plaintiff **DESMOND R. THOMAS**, an inmate at Wheeler Correctional Facility, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis* (Doc. 2). Solely for purposes of the Court dismissing Plaintiff's complaint, leave to proceed *in forma pauperis* is hereby **GRANTED**.

    Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

    Plaintiff names as Defendants the following personnel at Autry State Prison, where he was previously confined: Unit Manager Davis and Officers Scott, Knight, and King. Plaintiff alleges that on February 8, 2014, the Defendants used excessive force against him, after Plaintiff

1

flooded his cell in order to get mental health treatment. Plaintiff further alleges that he was denied medical treatment for his injuries. In addition to alleging Eighth Amendment violations, Plaintiff lists a number of other constitutional and statutory protections, including the First and Ninth Amendments, the Rehabilitation Act, and the Americans with Disabilities Act.

Three months prior to filing the instant lawsuit, Plaintiff filed another lawsuit in this Court, which arose out of the February 8th incident and in which he sued the above Defendants. ***See Thomas v. Unit Manager Davis***, 1:11-cv-63-WLS-TQL (***"Thomas I"***). The Court in ***Thomas I*** ultimately allowed Plaintiff's Eighth Amendment claim to go forward. ***Thomas I*** remains pending in this Court and the above Defendants remain defendants therein.

Plaintiff cannot simultaneously maintain two lawsuits relating to the same incident. If Plaintiff wishes to assert new claims against Davis, Scott, Knight, and King for their conduct which is the subject of ***Thomas I***, he should file a motion to amend his complaint in ***Thomas I*** to add these additional claims.

In order for this Court to efficiently manage its docket, the instant lawsuit is therefore **DISMISSED** as malicious pursuant to 28 U.S.C. § 1915A. ***See I.A. Durbin, Inc. v. Jefferson Nat'l Bank***, 793 F.2d 1541, 1551 (11th Cir.1986) (holding that district court may dismiss a duplicative lawsuit and a lawsuit is "duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions"); ***see also Bailey v. Johnson***, 846 F.2d 1019 (5th Cir.1988) (*in forma pauperis* complaint repeating the same factual allegations asserted

in an earlier action summarily dismissed as malicious).

**SO ORDERED**, this   1st   day of August, 2014.

/s/   W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE